shown there was not any ; and if there was, the con-
duct of the defendant, has placed the case in the same
situation as if there was not. The plaintiff, therefore,
is regular. Against this, is read an affidavit of mer-
its : on such an affidavit, the court will not set aside
a regular verdict. There is no irregularity ; the de-
fendant appeared, and has shown no excuse why he
did not defend ; for if his witness could not have
been obtained, the court, on the common affidavit,
would have put off the trial. The defendant must
take nothing by his motion.

### Salmon Cogswell v. Evert Vanderbergh.

WOODWORTH, on the part of the defendant,
moved to set aside the default, and all subsequent pro-
ceedings on two affidavits, made by the defendant
and another person, stating that a *capias ad respon-*
*dendum* in this suit, was duly issued and served in the
month of *November* last; that in *February* following,
the defendant called on the plaintiff, and offered to pay
part of the debt, if he could have time for the resi-
due; that this being agreed to, the defendant paid 300
dollars, and the plaintiff promised to stay all proceed-
ings; the defendant's affidavit further showed that he
had frequently called on the plaintiff to settle the resi-
due, but that he was either from home, or engaged in
company, and had, notwithstanding his agreement to
stop the suit, gone on, obtained a judgment by default,
and taken out execution ; that the defendant, relying
on the agreement, had not employed any attorney,
and the execution was for more than was due, credit
not having been given the defendant for an account
which he had against the plaintiff. The affidavit,

Aug. Term, 1803.

*Woodworth* said, in addition to its being supported by the deposition of another person, carried internal evidence of its truth. It was not natural to suppose that a man should pay, after an arrest, so large a sum, on account of the debt, under no kind of agreement, but leave himself open to an execution for the residue, the very next moment. He therefore hoped the court would set aside the whole proceedings, as being in violation of every principle of good faith.

*Van Antwerp,* contra, read a long affidavit by the plaintiff, denying the receipt of the money on any condition, and swearing to the justness of his execution : But the denial rested on his own testimony alone.

*Per Curiam.* This is an application to set aside the judgment, and all subsequent proceedings. The affidavits are very lengthy, and so far as they relate to merits, we put them totally out of view, for on that point they cannot be received, the plaintiff having been perfectly regular, according to the rules of this court. But the motion is made on the further ground of surprise. To this effect the defendant has sworn, and his testimony is corroborated by that of another witness to the same effect. On the other hand may be opposed the positive denial of the plaintiff. If the weight of testimony be to decide, it will be found with the defendant. There has at least been a misunderstanding in this business. The defendant thought he paid his money that the suit might not go on, and therefore did not make any defence. It is evident some great mistake has been made ; the plaintiff, however is perfectly regular, and as each side may have thought himself right, the judgment

and proceedings must be set aside on payment of costs, pleading issuably, and taking notice of trial for the next circuit.

### *Joseph Hawkins and others* v. *S. Bradford.*

VAN VECHTEN moved for a rule, against the referees in this suit, to show cause, why an attachment should not issue against them for not making up their report, or that they be *ordered* so to do. The affidavit on which the application was founded, set forth, that at the meeting of the referees, after the counsel of the plaintiffs had opened their case, and stated the nature of their demand, the counsel for the defendant presented a plea to the referees on receipt of which they refused to hear any testimony on the part of the plaintiffs, and neither reported any thing due to them, nor did they make any report in favour of the defendant.

*Spencer,* contra, resisted the application, and submitted to the court a special statement of the matter in the nature of a report. The facts as there stated were, that after the due assembling of the referees, &c. they called on the counsel of the plaintiffs to specify his clients demand, which, excepting the question of interest, was originally admitted by the defendant's counsel to amount to about 1,400 dollars, but that there was a defence, which would supersede the necessity of proving the exact sum claimed, though it might be ascertained by the books and bills before the referees ; that the defence was payment of 1,469 dollars in full satisfaction, for proof of which, a receipt was offered in evidence, and an acknowledg-